IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MAHONEY,                    :        CIVIL ACTION NO:
    Plaintiff,                        :
                               :        12-CV-03438
v.                                  :
                               :
STEVE WEISS MUSIC, INC.,            :
    Defendant.                        :

## ORDER

AND NOW this _____ day of _____, 2012, upon

consideration of defendant's partial motion to dismiss plaintiff's amended complaint, and to

strike claims for compensatory and punitive damages, and any response thereto by plaintiff, it is

hereby ORDERED AND DECREED that:

    1.   Counts I and III of plaintiff's amended complaint are dismissed with
        prejudice;

    2.   Claims for compensatory and punitive damages under Count II of the
        amended complaint are stricken, and;

    3.   Claims for punitive damages in Counts III and IV under the PHRA are
        stricken.

BY THE COURT:

_____
               J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MAHONEY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO.:  12-CV-03438** |
| **v.** | : | |
| | : | |
| **STEVE WEISS MUSIC, INC.,** | : | |
| **Defendant.** | : | |

## DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE CLAIMS FOR COMPENSATORY AND PUNITIVE DAMAGES

The defendant, Steve Weiss Music, Inc., through its attorneys, moves to dismiss counts I and III of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12 (b)(6). Defendant also seeks to have certain claims for compensatory and punitive damages stricken. Defendant states the following in support thereof:

1.      On or about June 18, 2012, the plaintiff filed and served a complaint against the defendant.  Defendant executed a waiver of service.

2.      On or about August 31, 2012, in response to a motion to dismiss, plaintiff filed an amended complaint.

3.      This timely partial motion to dismiss and strike certain claims for damages follows.

4.      In Count I of the amended complaint, plaintiff alleges a violation of the Americans with Disabilities Act as amended ("ADAAA") for failure to accommodate his disability.  In Count III he alleges disability discrimination under the Pennsylvania Human Relations Act (PHRA).

5.      Plaintiff has failed to state a cause of action under the ADAAA or the PHRA as he fails to establish that he has a disability.  Therefore, counts I and III of the amended complaint should be dismissed.

6.      In Count II of the amended complaint, plaintiff alleges retaliation in violation of the ADAAA.

7.      Compensatory and punitive damages are not available under the retaliation provision of the ADAAA, and therefore they must be stricken from the amended complaint.

1

8.     In Count III and Count IV of the amended complaint, plaintiff alleges a violation of the PHRA for disability discrimination and retaliation.  Punitive damages are not available under the PHRA. Therefore, claims for these damages must be stricken.

WHEREFORE, defendant respectfully requests that this Court dismiss counts I and III of plaintiff's amended complaint with prejudice.  Defendant also requests that this Court strike claims for compensatory and punitive damages under count II of the amended complaint and strike claims for punitive damages under counts III and IV.

Respectfully submitted,

/s/ Stephen S. Pennington
/s/ Jamie Ray-Leonetti

1515 Market Street, Suite 1300
Philadelphia, PA  19102
(215) 564-2363
Attorneys for Defendant, Steve Weiss Music, Inc.

DATED:  September 19, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MAHONEY, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 12-CV-03438 |
| | : | |
| v. | : | |
| | : | |
| STEVE WEISS MUSIC, INC., | : | |
| Defendant. | : | |

### DEFENDANT'S BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE CLAIMS FOR COMPENSATORY AND PUNITIVE DAMAGES

The Defendant, Steve Weiss Music Inc., (SWM) through its attorneys, files this Brief in Support of its Motion to Dismiss Counts I and III of plaintiff's amended complaint, arising under the Americans with Disabilities Act as amended (ADAAA) and the Pennsylvania Human Relations Act (PHRA), respectively, for failure to state a claim upon which relief may be granted. Defendant also moves to strike plaintiff's claim for compensatory and punitive damages under the ADA retaliation provision in Count II of the amended complaint, and to strike plaintiff's claim for punitive damages under the PHRA in counts III and IV of his amended complaint.

## I.    PROCEDURAL HISTORY

On June 18, 2012, the plaintiff filed and served his complaint. Defendant executed a timely waiver of service. Defendant filed a timely motion to dismiss on August 17, 2012. Plaintiff responded by filing an amended complaint on or about August 31, 2012 which was

1

served on defendant via ECF electronic case system on September 4, 2012. On September 5,

2012, in light of the filing of the amended complaint, this Court denied as moot defendant's

motion to dismiss. Defendant now files this timely 12(b)(6) motion in response to the amended

complaint.

## II.   STATEMENT OF FACTS

In the introductory paragraph of his amended complaint, plaintiff Michael Mahoney

again provides an inarticulate and in many ways inaccurate description of the day to day

operations of Steve Weiss Music (SWM) (Complaint ¶ 1). SWM is not just a "music store" as

described by plaintiff in ¶ 8 of his amended complaint. In reality, SWM is self described as the

"go-to shop for your percussion needs" (www.steveweissmusicinc.com).[1] SWM prides itself on

the rental of quality percussion instruments to a variety of clients including the Philadelphia

Orchestra. Id. Early on, SWM was the first company of its kind in the Philadelphia area renting

instruments like marimbas, timpani or taxi horns. Id. Even a cursory review of the company

website shows that SWM is in the business of renting and selling instruments which create a

cacophony of sound.[2] SWM is more than just a run of the mill instrument rental company.

SWM is all about rare and specialty items, renting things like sirens and gongs. Id. Given the

nature of the business; loud noises, including the legitimate business purpose of testing its sirens,

---

[1] Defendant cites the SWM website in an effort to provide an accurate and articulate description of the business as compared to what plaintiff sets forth in paragraphs 1 and 8 of his amended complaint.

[2] On the one hand, plaintiff alleges that SWM is a "music store" (amended complaint ¶ 8). On the other hand, he alleges in his amended complaint that "horns and/or the blowing of horns were not part of Defendant's daily business practice and/or routine (amended complaint ¶ 16). These allegations are contradictory to one and other and inconsistent with the description set forth on the SWM website.

2

horns, gongs, and other loud instruments to ensure that they are in proper working order before sending them out to customers, is essential to day to day operations.[3]

Plaintiff, Michael Mahoney was employed by SWM beginning in or around August 1999 (amended complaint ¶ 11). According to his amended complaint, Mahoney made SWM aware of some medical problems including "hypertension and, on occasion, hypertensive crisis" on or about June 4, 2009 (Exhibit A, attached to plaintiff's amended complaint). This information was provided to SWM well after plaintiff's allegations that on April 15, 2009, employee John O'Connor blew an air horn in the workplace (amended complaint ¶ 15). Plaintiff bases his amended complaint on some isolated instances of juvenile conduct or "horseplay" by one employee John O'Connor (amended complaint ¶¶ 15, 26).

## III.    ARGUMENT

### A. Counts I and III of plaintiff's amended complaint must be dismissed because plaintiff is not disabled under the ADA as amended or the PHRA Disabilities Act[4].

On a 12(b)(6) motion, the court must review the facts and allegations set forth in the complaint, keeping in mind that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Ashcroft v. Iqbal*, 556 U.S. 662

---

[3] Plaintiff's assertions that loud horns were blown in the workplace without a legitimate purpose and that "horns and /or the blowing of horns were not a part of defendant's daily business practice. . . . ." is not supported by the facts (amended complaint ¶¶ 1, 16). Further, it must be noted that plaintiff complains of one employee, John O'Connor, who would "harass" him by blowing loud horns in the workplace (amended complaint ¶ 1). Thus, contrary to plaintiff's assertion in ¶ 1, defendant, company SWM did not harass or blow horns.

[4] On January 1, 2009, the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. 110-325, 122 Stat. 3553, became effective. Because the conduct and events at issue in Mr. Mahoney's claim occurred from April, 2009 through June 25, 2010, the ADAAA applies throughout this motion.

(2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007)). Under the ADA, this means a plaintiff must plead that he has (a) "a physical or mental impairment and that this impairment substantially limits one or more major life activities of such individual (b) a record of such an impairment; or is (c) "regarded as" having such an impairment." See *42 U.S.C. §* *12102(2)*.[5] Here, plaintiff's does not even plead impairment. Instead, he pleads mere medical conditions, not covered by the law.

### 1.   The ADAAA is not intended to cover minor or transitory medical problems.

The ADA is intended to protect individuals who have one or more impairments which substantially limit one or more major life activities or major bodily functions. The ADA is not intended to cover the situation that plaintiff brings before this Court. Specifically, even with the implementation of the Amendments Act on January 1, 2009, the ADA is not intended to cover minor or transitory impairments. *See Koller v. Riley et al.,* 2012 U.S. Dist. LEXIS (E.D. PA 2012) (citing 154 Cong. Rec. H8286 (2008)). Plaintiff himself refers to his alleged "medical conditions" and he refers to those conditions in the past tense in the introduction to his amended complaint (amended complaint ¶ 1, page 1).[6]

Plaintiff claims that both his hypertensive crisis and his acute stress disorder where byproducts of the juvenile conduct of SWM employee John O'Connor (amended complaint ¶¶ 20, 26 and 34). Plaintiff does not allege that he suffered from either of these problems outside of

---

[5]  Plaintiff does not allege "record of" impairment or disability.

[6]  Plaintiff states that he was diagnosed with diverticulitis and underwent surgeries for the same in 2006 and 2007. However, plaintiff does not discuss diverticulitis further in his complaint or allege any adverse employment action because of it. Therefore, it will not be discussed further here.

the SWM workplace, and even more important, he does not allege impairment of any major life activity or major bodily function at *any time* other than those limited, isolated moments when John O'Connor was blowing an air horn. Plaintiff himself refers to his alleged difficulties as "episodic physical manifestations" (amended complaint ¶ 35). He seems to say that but for the conduct of one juvenile employee and his "horseplay", and but for a few isolated moments at one job, he is fine. Further, he refers to his alleged medical problems in the past tense (amended complaint ¶ 35 "plaintiff *suffered* from the following episodic physical manifestations" (emphasis added)). All of this further illustrates that plaintiff does not have a disability under the ADA. When Congress clarified the definition of disability to include those impairments which create an "important" limitation (29 C.F.R. pt. 1630 App. (2011), and those which may be asymptomatic at times (*Id*), it did so with the intent of affording coverage to conditions such as multiple sclerosis, epilepsy or diabetes *Id*. *See also Koller supra*.

Even in his amended complaint plaintiff alleges only minor, isolated problems which arise only in the SWM workplace, and only on those limited occasions when a horn is sounded (amended complaint ¶ 35). In *Koller supra*, the United States District Court for the Eastern District of Pennsylvania recently addressed an ADA claim brought by a man who alleged a two week period where he had difficulty moving around his workplace, and needed to come in late due to physical therapy. Plaintiff did not discuss any physical impairments or limitations outside the specific workplace. *Id* at *17-*18. The Court found that plaintiff's allegations did not rise to the level of important, let alone substantial limitations. In so doing, the Court focused on the temporary nature of the problems and the fact that plaintiff made no allegations of problems outside the workplace. *Id*. Mr. Mahoney's allegations are substantially similar to those of Mr. Koller. Thus, no finding of disability is warranted.

5

2.    **Disability under the PHRA is analyzed under the same analytical framework as the ADAAA.**

Count III of plaintiff's amended complaint must be dismissed for failure to state a claim under the Pennsylvania Human Relations Act ("PHRA"). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability . . . in regard to the job application procedures, the hiring, advancement, or discharge of employees . . . ." 42 U.S.C. § 12112(a). The analytical framework of a disability discrimination action under the PHRA is essentially identical to that of a claim under the ADA. *See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002)*; *Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996); Connors v. Chrysler Fin. Corp., 160 F.3d 971, 972 (3d Cir. 1998)*. Accordingly, the analysis of Plaintiff's ADA claim is equally applicable to his claims under the PHRA. In light of these precedents, the PHRA claims will not be discussed further and must be dismissed for the same reasons as Count I under the ADAAA.

**B. Compensatory and Punitive Damages are not available under an ADA Retaliation Claim in Count II of the Amended Complaint.**

In Count II of his amended complaint, plaintiff Mahoney purports to set forth a claim for retaliation in violation of the ADA. Specifically, plaintiff claims that in response to his request for accommodation, SWM retaliated by "permitting Mr. O'Connor to continue blowing the horns and then sirens, creating a hostile work environment. . . ." (amended complaint ¶ 57). He further alleges that SWM, "constructively discharged Plaintiff due to Plaintiff's disability and/or because Plaintiff requested accommodation for same" (amended complaint ¶ 58). Plaintiff seeks both compensatory and punitive damages (amended complaint ¶ 59 and "wherefore clause page

9). Simply put, these damages are not available under an ADA retaliation claim and any claim for those must be stricken.

It is well established in this Circuit that compensatory and punitive damages are not available under ADA retaliation claims. *See Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183 (3d Cir. 2003); 2006 U.S. Dist. LEXIS 36314 (E.D. PA). *See also Santana v. Lehigh Valley Hospital et al.*, 2005 U.S. Dist. LEXIS 16677 at *6 (E.D. PA). In *Shellenberger*, the Court followed the Seventh Circuit's analysis in *Kramer v. Banc of America Securities*, LLC, 355 F.3d 961, 964-66 (7th Cir. 2004). The *Kramer* Court found that "section 1981a(a)(2) [of the Civil Rights Act] does not permit a plaintiff to recover compensatory and punitive damages for retaliation under the ADA." Id. Relying on *Kramer,* this Circuit reasoned, "the language of section 1981a(a)(2) was clear, concluding that a meticulous tracing of this tangle of interrelated statutes reveals not basis for plaintiff's claims of compensatory and punitive damages in his ADA retaliation claim." 355 F.3d at 965 (quoting *Brown*, 1999 U.S. Dist. LEXIS 17671 at *8). The Third Circuit has found that "when legislation expressly provides a remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies. . . . This principle of statutory construction reflects an ancient maxim – expressio unius est exclusion alterius." *National RR Passenger Corp. v. National Ass'n of RR Passengers*, 414 U.S. 453, 458 (1974). The anti-retaliation provision in the ADA, section 12203 was not listed in section 1981a(a)(2). Therefore, compensatory and punitive damages are not available to plaintiff on the ADA retaliation claim. *Santana supra* at fn 8. For these reasons, defendant SWM respectfully requests that plaintiff's claims for compensatory and punitive damages under Count II be stricken.

**C.**     **Punitive Damages are not available under the Pennsylvania Human Relations Act (PHRA) in Counts III and IV of the Amended Complaint.**

In Counts III and IV, plaintiff attempts claims under the Pennsylvania Human Relations Act (PHRA). Count III alleges disability discrimination in violation of the PHRA and Count IV alleges disability-based retaliation. Plaintiff seeks punitive damages (amended complaint pages 9-10). It is undisputed that punitive damages are not recoverable under the PHRA. *See e.g., Heimbach v. Lehigh Valley Plastics, Inc.*, 2000 U.S. Dist. LEXIS 55. Thus, SWM respectfully requests that this Court strike plaintiff's claims for punitive damages under Counts III and IV of the amended complaint.

**IV.     CONCLUSION**

For the reasons discussed above, defendant SWM respectfully requests that this Court dismiss counts I and III of the amended complaint with prejudice. Defendant further requests that this Court strike claims for compensatory and punitive damages under count II, and strike claims for punitive damages under the PHRA in counts III and IV.

Respectfully submitted,

/s/ Stephen S. Pennington
/s/ Jamie Ray-Leonetti

1515 Market Street, Suite 1300
Philadelphia, PA  19102
(215) 564-2363
Attorneys for Defendant, Steve Weiss Music, Inc.

DATED:  September 19, 2012

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL MAHONEY,               :      CIVIL ACTION NO:
      Plaintiff,              :
                                   :      12-CV-03438
v.                               :
                                   :
STEVE WEISS MUSIC, INC.,      :
      Defendant.            :

## CERTIFICATE OF SERVICE

I, Jamie Ray-Leonetti, Esquire hereby certify that a true and correct copy of the foregoing

partial motion to dismiss, and to strike claims for compensatory and punitive damages, as well as

the supporting brief was served this date via ECF electronic filing on Counsel for Plaintiff as

follows:

> Swartz Swindler, LLC
> Richard S. Swartz, Esq.
> Justin L. Swindler, Esq.
> rswartz@swartz-legal.com
> 1878 Marlton Pike East, Suite 10
> Cherry Hill, NJ 08003

> /s/ Jamie Ray-Leonetti, Esq.
> JAMIE RAY-LEONETTI

> Counsel for Defendant

DATED: September 19, 2012